

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2009

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2998

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lin v. Atty Gen USA" (2009). *2009 Decisions*. Paper 2075.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2075

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 07-2998

————————

XIANG LIN,
                            Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
                            Respondent

————————

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A76-785-719)

Immigration Judge:  Daniel A. Meisner

————————

Submitted under Third Circuit LAR 34.1(a)
October 28, 2008

BEFORE:  SLOVITER and GREENBERG, Circuit Judges,
and IRENAS, District Judge*

(Filed: January 6, 2009)

————————

OPINION OF THE COURT

————————

*The Honorable Joseph Irenas, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

GREENBERG, Circuit Judge.

This matter comes on before this Court on a petition for review brought by petitioner Xiang Lin of a decision and order of the Board of Immigration Appeals ("BIA") entered June 13, 2007. Lin is a citizen of the People's Republic of China from Fujian Province who entered the United States on or about October 23, 1998. Subsequently Lin was served with a notice to appear which set forth that he entered in the United States in violation of the Immigration and Nationality Act ("INA") through the use of fraud or willful misrepresentation and because he entered without inspection.

Lin did not deny that he had entered the country in violation of the INA but he sought to avoid removal by applying for asylum, withholding of removal, and relief pursuant to the Convention Against Torture. He claimed that he had been persecuted in China because he was a Christian. After a hearing on February 28, 2000, an immigration judge ("IJ") concluded that Lin had not "established either past persecution against himself or a close family member [or that he had] a genuine subjective fear nor an objective fear that if he returns to the People's Republic of China at this point in time that he would be subject to persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion." App. at 186. Thus, the IJ denied Lin's application for asylum, withholding of removal and relief under the Convention Against Torture and "order[ed] [him] removed from the United States as an arriving alien." Id. at 187. Lin appealed to the BIA which on October 2, 2002, affirmed the decision and order of the IJ without opinion. Lin did not file a petition of review of

2

the BIA's order.

Lin ignored the foregoing proceedings and remained in the United States, married, and had two children born in this country. He, however, did file a motion to reopen and a request to file a successive asylum application on January 22, 2007. As the BIA set forth in its decision under review, neither procedure would have been timely unless predicated on changed conditions in China. Lin apparently recognized that he might need to satisfy the changed conditions requirement to justify his motion to reopen for in its introduction he set forth that:

> [Lin] now seeks to reopen his proceedings in light of a <u>change of conditions</u> in China and <u>new facts</u> that are <u>material and crucial</u>, but were <u>previously unavailable</u> to [Lin] at the time of his previous motion to reopen. The material and crucial change of conditions in China pertains to the extent and severity of persecutive means employed to enforce the country's Population and Family Planning Laws (PFPL), as evidenced by the 2005 State Department Country Report on China. As a result of the change of conditions, time limitations do not bar [Lin's] motion.

App. at 13 (emphasis in original).

Lin filed numerous documents with his motion, six in the category of "Personal Evidence" and eleven in the category of "Background Information." The background information documents were as follows:

1. Policy statement from the Administrative Office of the National Population and Family Planning Committee;

2. Changle City Family Planning Q & A Handbook;

3. Testimony of Mr. John Aird on China's New Family Planning Law, dated September 23, 2002;

3

4. The consular information sheet, May 29, 2003;

5. 2004 country report (issued 2/28/2005);

6. 2005 country report (issued 3/8/2006);

7. Policy letter on the issue of identification of nationality from the Department of Public Security of the People's Republic of China;

8. Congressional -- Executive Commission on China (2005 Annual Report);

9. Testimony by Mr. Harry Wu before the Congress on December 14, 2004;

10. China shamed by forced abortions, Time Online (2005);

11. Who Controls the Family, Washingtonpost.com (2005).

On June 13, 2007, the BIA entered an order denying Lin's application on the ground that it was untimely by reason of having been filed beyond the 90-day filing limit set forth in 8 C.F.R. § 1003.2(c)(2) and Lin did not demonstrate that there had been changed conditions in China from the time of his original proceedings that would excuse his otherwise late filing under 8 C.F.R. § 1003.2(c)(3)(ii). Lin challenges the BIA's conclusion on the proceedings on this petition for review.

The BIA had jurisdiction under 8 C.F.R. § 1003.2(c) and we have jurisdiction pursuant to 8 U.S.C. § 1252. We review the decision and order of the BIA in an abuse of discretion standard. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

It is clear that in light of Zheng v. Attorney General, No. 07-3122, __ F.3d __,

4

2008 WL 5006072 (3d Cir. Nov. 26, 2008), we are required to remand the matter to the BIA for reconsideration. The problem with the BIA's decision is that it does not indicate that the BIA considered any of the eleven background documents that Lin submitted with his application to reopen and for permission to file a successive asylum application.

In its decision the BIA stated that Lin had not established that if the proceedings were reopened he would have reasonable likelihood of success on the merits, undoubtedly a legally sound basis to deny an application to reopen. See Sevoian v. Ashcroft, 290 F.3d 166, 169-70 (3d Cir. 2002). But the decision nevertheless does not meet the Zheng standard because the BIA based it solely on the BIA having taken "administrative notice of the most recent report on conditions in China, 'China: Profile of Asylum Claims and Country Conditions,' dated May 2007, . . . and 'China, Profile of Asylum Claims and Country Conditions,' Bureau of Democracy, Human Rights and Labor (May 2007)." App. at 3. The BIA believed these documents did not support Lin's claim "that he would be sterilized upon return to China." Id.

We have no quarrel with the decision of the BIA to the extent based on the materials that it considered. Our difficulty is that its decision made no reference to the documents that Lin submitted with his application though the standards we clearly later set forth in Zheng require that it do so. It well may be that the BIA did consider Lin's submissions but found them inadequate to support his application and if it did so and set forth in its decision that it had considered them it is quite likely that given the standard of

5

review on a petition for review of a denial of a motion to reopen that we would have denied the petition in all respects. But nevertheless we are required to remand the matter so that the BIA may consider Lin's submissions and then reach its decision.

We emphasize that we do not suggest that the BIA reached the wrong result as we only question its methodology in reaching the result it did. On remand it again might conclude that it should deny Lin's application and if it does reach that conclusion this opinion will not stand in its way.

For the foregoing reasons, we will grant the petition for review, vacate the BIA's order of June 13, 2007, and remand the case to the BIA for further proceedings consistent with this opinion in which it should consider the evidence that Lin presented and in its decision indicate that it has done so.